DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Jerald R. Brasty, appeals from the judgment of the Medina County Municipal Court finding him guilty of theft for driving off without paying for gasoline. We affirm the judgment of the trial court.
 {¶ 2} On July 28, 2004, an employee of the Medina Stop-N-Go, Shannon Cruz, reported that an individual drove off without paying for $10.00 of gasoline. The manager of the Stop-N-Go got into his car and tried to follow the individual as he drove away, but with no success. The police were called, and they were also unsuccessful in their efforts to try to locate the vehicle.
 {¶ 3} On August 10, 2004, Defendant went into the Stop-N-Go where he was recognized by Ms. Cruz as the individual who had previously driven off without paying for his gas. While Defendant was in the store, Ms. Cruz walked outside and wrote down Defendant's license plate number, and then called the police. A complaint was filed charging Defendant with theft, in violation of R.C. 2913.02(A)(1), a first degree misdemeanor.
 {¶ 4} A bench trial was held on November 5, 2004. After all of the evidence was presented, the judge found Defendant guilty as charged. On April 29, 2005, Defendant was sentenced to 10 days in jail and was ordered to pay restitution in the amount of $10.00 to Stop-N-Go.
 {¶ 5} Defendant served five days of his jail sentence, and then, on June 27, 2005, his sentence was stayed pending the instant appeal. Defendant now asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court abused its discretion and deprived [Defendant] of his right to a fair trial when it denied the presentation of alibi testimony."
 {¶ 6} In his first assignment of error, Defendant argues that the trial court abused its discretion and deprived him of his right to a fair trial when it denied the presentation of his alibi testimony. We disagree.
 {¶ 7} We review a trial court's decision to exclude alibi testimony under an abuse of discretion standard. See State v.Johnson (July 20, 1994), 9th Dist. No. 93CA005627, at 3. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 8} Defendant failed to file a notice of alibi as required by Crim.R. 12.1, which states:
"Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted."
 {¶ 9} Defendant argues that he did not file a notice of alibi because he did not know that the event was supposed to have occurred at 3:00 p.m. until it was elicited during trial. Under those circumstances, he claims that the trial court erred in prohibiting him from elaborating on his alibi testimony. Notably, Defendant has not argued that he would have presented additional witnesses or additional evidence given the opportunity, nor has he demonstrated how he was prejudiced by the trial court's decision prohibiting elaboration on his alibi testimony.
 {¶ 10} Prior to trial, Defendant's counsel requested all discoverable matters from the Medina City Prosecutor. A report by Officer Kerr of the Medina City Police was included in the information that he received. That report began by stating the time and date as: "Wed Jul 28, 15:46:55," which Defendant incorrectly assumed was the time of the theft, and not the time that the report was written. Not having an alibi for 3:45 on Wednesday, July 28th, a notice of alibi was not filed. Defendant's counsel did not request a bill of particulars, and as a consequence, did not know that the theft occurred at 3:00 p.m. on Wednesday, July 28, until Officer Kerr testified at trial to that effect.
 {¶ 11} Notwithstanding the above, Defendant still was able to assert his alibi during trial. Defendant took the stand on his own behalf and answered the following questions:
"Q: The testimony that we have heard so far is to the effect that you came to the Stop-N-Go on Route 18 at about 3:00 and put $10 worth of gas in your car and drove away without paying.
"A: That's what they say.
"Q: And what do you say?
"A: I'm still clueless to all this. I've been confused since the start. Like I says, for them to even say I was there twice to get gas, I don't even get gas there. And if they're saying 3:00, I'm not even out of work at this time.
* * *
"Q: Let's talk about that work. Where is it you work?
"A: I am on Lake Road on the other side of town.
At that point in the questioning, the State objected to further inquiry regarding Defendant's location at the time in question because he did not file a notice of alibi. Noting that a bill of particulars had not been requested, the trial court sustained the State's objection.
 {¶ 12} During redirect examination, Defendant was asked again if it was possible that he was at the Stop-N-Go at 3:00 p.m. on the 28th of July. Defendant responded that it was not possible because he was at work.
 {¶ 13} Despite the fact that the trial court sustained the State's objection, Defendant was still able to introduce evidence indicating that he had an alibi for the time in question; he was at work. In his appeal, Defendant has not alleged that he would have provided more extensive alibi testimony had he been given the opportunity. As Defendant's only alibi testimony would have been that he was at work at 3:00 p.m. on Wednesday July 28th, 2004, and twice during his trial he stated as much, we cannot find that he suffered prejudice from the trial court's decision prohibiting him from elaborating on that alibi. As a consequence, we do not find that the trial court abused its discretion and we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The verdict is against the manifest weight of the evidence when there is no substantial evidence upon which a trier of fact could reasonably conclude that the charges had been proven beyond a reasonable doubt."
 {¶ 14} In Defendant's second assignment of error he maintains that his conviction was against the manifest weight of the evidence. We find that Defendant's second assignment of error lacks merit.
 {¶ 15} When evaluating whether a judgment is against the manifest weight of the evidence we review the record, weigh the evidence, consider the credibility of witnesses, and determine whether the court "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 16} This court may only invoke the power to reverse based on manifest weight in extraordinary circumstances where the evidence presented weighs heavily in favor of the defendant.State v. Otten (1986), 33 Ohio App.3d 339, 340. Absent extreme circumstances, we will not second-guess determinations of weight and credibility. Sykes Constr. Co. v. Martell (Jan. 8, 1992), 9th Dist. Nos. 15034 and 15038, at 5-6.
 {¶ 17} In the case at hand Defendant was convicted of theft under R.C. 2913.02(A)(1) which provides that no person, intending to deprive the rightful owner of his or her property, "shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent[.]"
 {¶ 18} The evidence presented at trial established that on July 28, 2004, Shannon Cruz was employed as a cashier for a Stop-N-Go in Medina. She stated that when she saw Defendant, she recognized him as the same individual who had driven off without paying for gas two weeks prior. Upon seeing the individual that she identified at trial as Defendant, she told her manager and assistant manager that she thought that he had driven off without paying for gas before. She told them to keep an eye on him to see if he would drive off again, and in fact, he did drive off without paying. Ms. Cruz stated that she got a good look at Defendant and his car, and she positively identified Defendant as the person she saw drive away without paying for gas at the Stop-N-Go.
 {¶ 19} Mr. Brian Ryan, the store manager for the Stop-N-Go in question testified that he was working on July 28th, 2004 when Ms. Cruz and another employee approached him and told him they thought that an individual was getting gas who had, on a previous occasion, left without paying. Mr. Ryan stated that upon hearing the news he began walking towards the individual and observed him putting fuel in his car. The man, whom Mr. Ryan had identified at trial as Defendant, kept looking back towards Mr. Ryan as he was approaching. As Mr. Ryan got closer, Defendant hung up the gas nozzle and walked to the side of his vehicle. Mr. Ryan yelled at him to try to stop him, however, Defendant "just sort of looked at [him], got in his car and left."
 {¶ 20} Mr. Ryan stated that he was about 10 feet from the man he had identified as the Defendant, and that Defendant looked directly at him. At trial, he also identified Defendant's vehicle in the court parking lot as the vehicle that had driven off without paying on the day in question.
 {¶ 21} On August 10, 2004, Shannon Cruz testified that Defendant had come into the Stop-N-Go to buy a newspaper. She recognized him right away as the man who had twice before driven away without paying for his gas, and she took down his license plate number and called the police. Both she and Mr. Ryan gave Officer Patrick Sloan a detailed description of the Defendant and his car.
 {¶ 22} Officer Sloan testified that he served two arrest warrants on Defendant on August 16, 2004, and that Defendant's license plate matched the license plate number Ms. Cruz had given him. Officer Sloan also stated that both Defendant and his car matched the descriptions that he had been given.
 {¶ 23} Defendant testified on his own behalf and stated that he was at work at the time in question and denied that he had driven off from the Stop-N-Go without paying for his gas.
 {¶ 24} While Defendant's testimony is in conflict with that of Ms. Cruz and Mr. Ryan, we note that `"[o]n the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.'" State v. Wolery (1976), 46 Ohio St.2d 316,331, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Similarly, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony. See State v. Warren (1995),106 Ohio App.3d 753, 760.
 {¶ 25} The evidence presented in this case persuades us that the trier of fact neither lost its way nor created a manifest miscarriage of justice in convicting Defendant of theft. Defendant's second assignment of error is overruled.
 {¶ 26} We overrule Defendant's two assignments of error and affirm the decision of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Moore, J. concur.